# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Quan Ren, et al.

                    Plaintiff,

v.

Case No.: 1:25−cv−09278

Honorable LaShonda A. Hunt

The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 22, 2025:

      MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiffs' *ex parte* motion for a TRO and other relief [25] is denied without prejudice. Plaintiffs have not come close to meeting the exacting standards of Fed. R. Civ. P. 65(b) to warrant *ex parte* relief. At a minimum, the Court finds that the generic copy−and−paste declarations made mostly "upon information and belief" fall well short of providing "specific facts" to "clearly show that immediate and irreparable injury, loss or damage will result," and also fail to satisfy the certification requirement. Indeed, counsel attached over 200 pages of articles and other documents that do not demonstrate why notice cannot be provided to *this* defendant who has already been identified on the docket as "AilunUS." That is ample reason to deny this extraordinary request. *See Eicher Motors Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A.*, No. 25 C 2937, 2025 WL 2299593 at *4−7 (N.D. Ill. Aug. 8, 2025) (Kness, J.) ("Given that any irreparable harm wrought by infringement can, as with more traditional forms of IP litigation, be addressed through preliminary injunctive relief following an adversarial proceeding, the use of Rule 65(b) to ensure an unimpeded path to a prejudgment asset restraint is unsound."). Plaintiffs may be allowed to seek discovery to assist with identifying defendant, but any such request must be presented in a separate motion. Finally, Plaintiffs' request for electronic service of process pursuant to Fed. R. Civ. P. 4(f)(3) [28] is denied without prejudice. Plaintiffs seek authorization to effectuate service of process by email and electronic publication but have not yet shown that they have a reliable email address at which they may reach defendant. Any renewed motion must be presented in its own motion after Plaintiffs have acquired these details. The motion hearing set for 8/27/25 [31] is stricken and the 9/18/25 scheduling order deadline [24] stands. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.